Delmar DRAUGHN, Appellant,

v.

Bruce MARTIN, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1961.

Clark Pratt, Hindman, H. B. Noble, Hazard, for appellant.

D. G. Boleyn, Hazard, for appellee.

MILLIKEN, Judge.

The appellant, Delmar Draughn, present tax commissioner of Knott County, defeated the appellee, Bruce Martin, in the May, 1961, primary election by 1,850 votes for the Democratic nomination for the office. Martin contested the nomination asserting that Draughn violated the Corrupt Practices Act (KRS, Chapter 123) by some of his newspaper and radio advertising. The trial court agreed with Martin's contention and adjudged him the nominee of the Democratic Party instead of Draughn.

Pertinent portions of some of the Draughn advertising inserted in The Mountain Messenger and The Hindman News follow:

"* * * and remember when the commissioner used to make you pay taxes on your livestock, chickens, farm equipment and dogs—You have not paid taxes on those things since I have been in office and will not if re-elected."

Apparently referring to Martin who at one time had been tax commissioner:

"* * * you will remember him when he was tax commissioner and a deputy would come around and make you list and pay taxes on just about everything from a 'Milk Bottle to the Shroud,' such things as chickens, cattle, hogs, mules, horses, farm equipment and even dogs. Those things are not taxed to you under me and if re-elected you don't have to worry. I only mention these things to just remind you so you will be well informed before you vote. Just be careful you might make a bad mistake. Taxes are now low, they are fair and equal, you might vote yourself more and higher taxes."

The gist of the Martin complaint is Draughn's promise to the voters not to tax taxable property—"chickens, cattle, hogs, mules, horses, farm equipment and even dogs."

Since all property is subject to taxation except that exempted by Section 170 of the Constitution which excepts (among other property not here involved) "household goods and other personal property of a person with a family, not exceeding two hundred and fifty dollars ($250.00) in value," the advertised promise not to tax hogs, horses, farm equipment, etc., was not proper. While the economy of Knott County may not be built around agriculture and, as a consequence, there may be relatively little livestock or farm equipment available there for taxation, there undoubtedly is some such property in the county. In any event, it was improper to promise not to tax it.

Taking the view that the appellant, Draughn, had violated the Corrupt Practices Act, KRS 123.040, the trial court felt constrained to decide that Draughn's advertising was within the scope of those decisions of this Court such as Sparks v. Boggs, Ky., 339 S.W.2d 480, and Kluemper v. Zimmer, 240 Ky. 225, 41 S.W.2d 1111, where the candidates offered to serve for reduced salaries or none at all if elected, and we held such promises violations of the Act.

In Walker v. Taylor, 230 Ky. 689, 20 S.W.2d 727, a candidate for sheriff promised to pay the taxes, if elected, of all widows and orphans whose property was taxed less than $20, which we concluded was a violation of the Corrupt Practices Act, tantamount to bribing the voters. The injection into elections of such issues tends to divert the attention of the voters from the merits or fitness of the respective candidates to a consideration of the immediate financial benefit which may accrue to the voters, and thus undermines the democratic process.

Whether Draughn's advertising by promising to continue to absolve the electorate from paying taxes on certain taxable property is analogous in its political and eco-

nomic effect to promising to serve without pay if elected, so as to bring Draughn's conduct within the doctrine of the cases heretofore mentioned, is the question before us. It is not a question of ascribing fraudulent intent to Draughn who appears to have been merely an overzealous campaigner; it is a question solely of whether such advertising violates the Corrupt Practices Act in any way regardless of the intention of the candidate.

Regardless of whether Draughn's salary would be reduced by the promise he has made under the salary compensation formula of KRS 132.590, his promise not to tax taxable property offers to reduce pro tanto the taxes each individual must pay and thus makes an offer to the voter of primary gain just as effectively as a promise to serve at reduced pay if elected. 43 Am.Jur. Public Officers, Sec. 374, p. 159.

The judgment is affirmed.